UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HENRY E. MAZUREK and PAULA NOTARI,   Case No.1:07-cv-03103 (DAB) (AJP)

                *Plaintiffs*,   **PLAINTIFF HENRY MAZUREK'S ANSWER TO DEFENDANT DAVID BROOKS'S COMPLAINT IN THE CONSOLIDATED ACTION**

-- against --

DAVID H. BROOKS,   **JURY TRIAL DEMANDED**

                *Defendant.*
------------------------------------------------------------X

Plaintiff Henry E. Mazurek ("Mazurek"), by his attorneys, Judd Burstein, P.C., as and for his Answer to the Complaint of Defendant David H. Brooks ("Brooks"), filed in the consolidated action *Brooks v. Mazurek*, Case No. 07-CV-3527 (DAB) (AJP) (the "Complaint"),[1] alleges as follows:

### ANSWERING THE FIRST CAUSE OF ACTION

1. Denies the allegations contained in the First Paragraph of the Complaint.

2. Admits the allegations contained in the Second Paragraph of the Complaint.

3. In response to the allegations contained in the Third Paragraph of the Complaint, respectfully refers the Court to the parties' written retainer agreement for the truth of the matters set forth therein, and on that basis, denies the allegations.

4. In response to the allegations contained in the Fourth Paragraph of the Complaint, respectfully refers the Court to the parties' written retainer agreement for the truth of the matters set forth therein, and on that basis, denies the allegations.

---

[1] To the extent necessary in this consolidated action, Plaintiffs Mazurek and Paula Notari incorporate the Complaint in the above-captioned matter, *Mazurek et al. v. Brooks*, Case No.1:07-cv-03103 (DAB) (AJP), as counterclaims and a third party complaint, respectively, in the action *Brooks v. Mazurek*, Case No. 07-CV-3527 (DAB) (AJP).

5. Admits that Brooks paid Mazurek $1 million on or about November 14, 2006, but otherwise denies the allegations contained in Paragraph Five of the Complaint.

6. Denies the allegations contained in Paragraphs Six, Seven, and Eight of the Complaint.

### ANSWERING THE SECOND CAUSE OF ACTION

7. Refers the Court to the allegations contained in all preceding Paragraphs as if fully and completely set forth herein in response to the allegations contained in the Ninth Paragraph of the Complaint.

8. In response to the allegations contained in the Tenth Paragraph of the Complaint, admits only that as Brooks's attorney, Mazurek owed Brooks a fiduciary duty, and further alleges that Mazurek at all times complied with his fiduciary obligations to Brooks. In further response, Mazurek refers the Court to the parties' written retainer agreement for the truth of the matters set forth therein, and on that basis denies the Complaint's characterization of same.

9. Denies the allegations contained in Paragraphs Eleven and Twelve of the Complaint.

### ANSWERING THE THIRD CAUSE OF ACTION

10. Refers the Court to the allegations contained in all preceding Paragraphs as if fully and completely set forth herein in response to the allegations contained in the Thirteenth Paragraph of the Complaint.

11. In response to the allegations contained in the Fourteenth Paragraph of the Complaint, respectfully refers the Court to the parties' written retainer agreement for the truth of the matters set forth therein, and on that basis, denies the allegations. Mazurek further alleges that the Fourteenth Paragraph draws legal conclusions to which no response is required.

12. Denies the allegations contained in Paragraphs Fifteen and Sixteen of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

13. The Complaint fails to state a cause of action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

14. Mazurek provided Brooks with legal services that were of an exceptionally high quality, and in no way failed to provide proper legal services.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

15. Brooks's recovery is barred due to his anticipatory breach of the parties' written retainer agreement.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

16. Brooks improperly terminated Mazurek's representation when Mazurek refused to participate in illegal conduct taken part in by Brooks.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

17. Based upon the parties' written retainer agreement, Mazurek is entitled to keep all monies paid, and recover the remainder of the $3 million retainer fee, as a result of Brooks having terminated Mazurek's representation.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

18. Brooks's recovery is barred due to his breach of the implied covenant of good faith and fair dealing.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

19. Mazurek fully performed his obligation of representation of Brooks.

**WHEREFORE**, Mazurek demands judgment as follows:

A.  Dismissing Brooks's complaint in its entirety;

B.  Costs and Disbursements of this Action;

C.  Attorneys fees to the extent provided by law; and

D.  Such other and further relief as deemed just and proper by this Court.

Dated: New York, New York
June 11, 2007

JUDD BURSTEIN, P.C.

By_____
Judd Burstein (JB-9585)
Peter B. Schalk (PBS-8257)
1790 Broadway, Suite 1501
New York, New York 10019
Tel:   (212) 974-2400
Fax:   (212) 974-2944
*Attorneys for Plaintiffs*