UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
HENRY E. MAZUREK and PAULA NOTARI,

|  | |  |
|---|---|---|
| Plaintiffs, | | **DEFENDANT'S ANSWER** |
| -against- | | **TO FIRST AMENDED** |
| | | **COMPLAINT** |
| DAVID H. BROOKS, | | |
| | | Case No. 07-CV-03103 |
| Defendant. | | (DAB)(AJP) |

-----------------------------------------------------------X

Defendant David H. Brooks, by his attorneys Warner & Scheuerman, for his Answer to Plaintiffs' First Amended Complaint (the "Complaint"), alleges as follows:

1.     Denies every allegation in paragraph "1" of the Complaint, and respectfully refers all questions of law to the Court.

2.     Admits every allegation in paragraph "2" of the Complaint.

3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint, except denies that plaintiff Henry E. Mazurek ("Mazurek") is a citizen of the State of New Jersey, and respectfully refers all questions of law to the Court.

4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint, excepts admits that plaintiff Paula Notari ("Notari") is Mazurek's wife, and respectfully refers all questions of law to the Court.

5.     Denies every allegation contained in paragraph "5" of the Complaint, except admits that defendant has alleged that he is a citizen of New York.

6.    Denies on information and belief the truth of every allegation in paragraph "6" of the Complaint, except admits that defendant is a former Chief Executive Officer of DHB Industries, Inc.,, and respectfully refers the Court to the SEC filings.

7.    Denies every allegation contained in paragraph "7" of the Complaint, except refers the Court to the class action complaint.

8.    Denies every allegation in paragraph "8" of the Complaint, except refers the Court to any indictment filed with the United States District Court for the Eastern District of New York.

9.    Denies on information and belief the truth of every allegation in paragraph "9" of the Complaint, except admits that defendant retained Gerald L. Shargel.

10.    Denies on information and belief the truth of every allegation in paragraph "10" of the Complaint, except admits that Mazurek spent time in London with defendant.

11.    Denies every allegation contained in paragraph "11" of the Complaint, excepts admits that Mazurek introduced defendant to a Ms. Davaadorj in London.

12.    Denies every allegation contained in paragraph "12" of the Complaint, except admits that Mazurek sought to be retained directly and ultimately was retained directly.

13.    Denies every allegation contained in paragraph "13" of the Complaint.

14.    Denies every allegation contained in paragraph "14" of the Complaint, except admits that defendant signed a retainer agreement with Mazurek dated November 13, 2006, and respectfully refers the Court to the retainer for its terms.

15.    Denies every allegation contained in paragraph "15" of the Complaint, except admits that defendant signed a retainer agreement with Mazurek dated November 13, 2006, and respectfully refers the Court to the retainer for its terms.

16.    Denies every allegation contained in paragraph "16" of the Complaint.

17.    Denies every allegation contained in paragraph "17" of the Complaint, except admits that defendant paid Mazurek the sum of $1,000,000.00.

18.    Denies every allegation contained in paragraph "18" of the Complaint, except admits that Mazurek failed to carry out his professional responsibilities consistent with his ethical obligations as a member of the New York Bar.

19.    Denies every allegation contained in paragraph "19" of the Complaint.

20.    Denies every allegation contained in paragraph "20" of the Complaint.

21.    Denies every allegation contained in paragraph "21" of the Complaint.

22.    Denies every allegation contained in paragraph "22" of the Complaint, except admits that Mazurek made a court appearance in New York at a time when he was expected by defendant to be in London.

23.    Denies every allegation contained in paragraph "23" of the Complaint, except admits that Mazurek made a court appearance in New York at a time when he was expected by defendant to be in London.

24.    Denies every allegation contained in paragraph "24" of the Complaint.

25.    Denies every allegation contained in paragraph "25" of the Complaint.

26.    Denies every allegation contained in paragraph "26" of the Complaint.

27.    Denies every allegation contained in paragraph "27" of the Complaint.

28.    Denies every allegation contained in paragraph "28" of the Complaint.

29.    Denies every allegation contained in paragraph "29" of the Complaint.

30.    Denies every allegation contained in paragraph "30" of the Complaint.

31.    Denies every allegation contained in paragraph "31" of the Complaint, except admits that Mazurek and defendant often traveled to England and that Mazurek stayed at defendant's apartment in Florida.

32.    Denies every allegation contained in paragraph "32" of the Complaint.

33.    Denies every allegation contained in paragraph "33" of the Complaint.

34.    Denies every allegation contained in paragraph "34" of the Complaint, except admits that Mazurek and defendant were in London in February 2007.

35.    Denies every allegation contained in paragraph "35" of the Complaint.

36.    Denies every allegation contained in paragraph "36" of the Complaint.

37.    Denies every allegation contained in paragraph "37" of the Complaint.

38.    Denies every allegation contained in paragraph "38" of the Complaint.

39.    Denies every allegation contained in paragraph "39" of the Complaint.

40.    Denies every allegation contained in paragraph "40" of the Complaint.

41.    Denies every allegation contained in paragraph "41" of the Complaint.

42.    Denies every allegation contained in paragraph "42" of the Complaint.

43.    Denies every allegation contained in paragraph "43" of the Complaint.

44.    Denies every allegation contained in paragraph "44" of the Complaint.

45.    In response to paragraph "45" of the Complaint, defendant repeats his responses to all preceding paragraphs as if fully set forth herein.

46.    Denies every allegation contained in paragraph "46" of the Complaint.

47.    Denies every allegation contained in paragraph "47" of the Complaint.

48.    In response to paragraph "48" of the Complaint, defendant repeats his responses to all preceding paragraphs as if fully set forth herein.

49.    Denies every allegation contained in paragraph "49" of the Complaint.

50.    Denies every allegation contained in paragraph "50" of the Complaint.

51.    Denies every allegation contained in paragraph "51" of the Complaint.

52.    In response to paragraph "52" of the Complaint, defendant repeats his responses to all preceding paragraphs as if fully set forth herein.

53.    Denies every allegation contained in paragraph "53" of the Complaint.

54.    Denies every allegation contained in paragraph "54" of the Complaint.

55.    Denies every allegation contained in paragraph "55" of the Complaint.

56.    In response to paragraph "56" of the Complaint, defendant repeats his responses to all preceding paragraphs as if fully set forth herein.

57.    Denies every allegation contained in paragraph "57" of the Complaint.

58.    Denies every allegation contained in paragraph "58" of the Complaint.

59.    Denies every allegation contained in paragraph "59" of the Complaint.

## FOR A FIRST AFFIRMATIVE DEFENSE

60.    The retainer agreement is void and unenforceable as against the public policy of the State of New York.

## SECOND AFFIRMATIVE DEFENSE

61.    The retainer agreement was the product of fraud, misrepresentation and overreaching and is void and unenforceable.

## THIRD AFFIRMATIVE DEFENSE

62.    Mazurek failed to fulfill a condition precedent by failing to remain available under the retainer agreement and is not entitled to any fee.

## FOURTH AFFIRMATIVE DEFENSE

63.    Mazurek resigned as counsel and is not entitled to any fee.

## FIFTH AFFIRMATIVE DEFENSE

64.    Mazurek breached the retainer agreement and is not entitled to any fee.

## SIXTH AFFIRMATIVE DEFENSE

65.    During his representation of defendant, Mazurek engaged in conduct adversely reflecting on Mazurek's fitness as an attorney in violation of the Code of Professional responsibility and forfeited any right to compensation.

## SEVENTH AFFIRMATIVE DEFENSE

66.    To the extent Mazurek is entitled to any fee, he has been paid in full pursuant to the limitation set forth in the retainer agreement.

-6-

## EIGHTH AFFIRMATIVE DEFENSE

67.    To the extent that Mazurek provided legal services on defendant's behalf, Mazurek is limited to *quantum meruit*.

## FOR A FIRST COUNTERCLAIM

68.    At all relevant times, defendant David H. Brooks ("Brooks") was and still is a resident of the County of Nassau, State of New York.

69.    Upon information and belief, at all relevant times, Mazurek was and still is an attorney licensed to practice law in the State of New York.

70.    In or about November 2006, Brooks and Mazurek entered into an agreement wherein Mazurek agreed, among other things, to represent Brooks on a "general retainer" basis for a period of three (3) years; to promptly and professionally perform all legal services requested by Brooks during the ensuing three (3) year period of time; and to reduce his representation of other clients in order to make himself fully available to Brooks and able to promptly and professionally perform all requested services with that degree of professional care and expertise required under the circumstances.

71.    In consideration for Mazurek's promise to, among other things, promptly and professionally perform all legal services requested by Brooks for a period of three (3) years and to reduce his representation of other clients in order to make himself fully available to Brooks and able to promptly and professionally perform all requested services with that degree of professional care and expertise required under the circumstances, Brooks agreed to pay

Mazurek an initial retainer in the amount of One Million ($1,000,000.00) and 00/100 Dollars for the first year of the parties' agreement (the "Retainer").

72.     On or about November 14, 2006, and in furtherance of the parties' agreement, Brooks paid Mazurek the Retainer in the amount of One Million ($1,000,000.00) and 00/100 Dollars.

73.     Mazurek has breached the parties' agreement by, among other things, failing to make himself available as contemplated and agreed; failing to remain available for the full contractual term; resigning as Brooks' attorney in or about February 2007; failing to promptly and professionally perform all services requested by Brooks; failing to limit his representation of other clients in order to make himself fully available to Brooks and able to promptly and professionally perform all requested services with that degree of professional care and expertise required under the circumstances; and engaging in conduct which compromised the attorney-client relationship including, but not limited to, conduct adversely reflecting on Mazurek's fitness as an attorney.

74.     Notwithstanding his breach of the parties' agreement and resignation as Brook's attorney long before the expiration of one (1) year, Mazurek has refused to return the Retainer.

75.     By reason of the foregoing, Brooks is entitled to damages from Mazurek in the amount of One Million ($1,000,000.00) and 00/100 Dollars, no part of which has been paid, although duly demanded.

## SECOND COUNTERCLAIM

76.    Defendant repeats every allegation in paragraphs "68" through "75."

77.    As his attorney, Mazurek owed a fiduciary duty to Brooks to act in good faith and to, among other things, remain fully available to Brooks for a period of three (3) years as contemplated and agreed.

78.    Mazurek breached his fiduciary duty to Brooks by failing to act in good faith and by, among other things, failing to make himself available as contemplated and agreed; failing to remain available for the full contractual term; resigning as Brooks' attorney in or about February 2007; failing to promptly and professionally perform all services requested by Brooks; failing to limit his representation of other clients in order to make himself fully available to Brooks and able to promptly and professionally perform all requested services with that degree of professional care and expertise required under the circumstances; and engaging in conduct which compromised the attorney-client relationship including, but not limited to, conduct adversely reflecting on Mazurek's fitness as an attorney.

79.    By reason of the foregoing, Brooks is entitled to damages in the amount of One Million ($1,000,000.00) and 00/100 Dollars, no part of which has been paid, although duly demanded.

## THIRD COUNTERCLAIM

80.    Defendant repeats every allegation set forth in paragraphs "68" through "79."

81.    Upon entering into the agreement with Brooks, Mazurek agreed to act in good faith towards and to deal fairly with Brooks.

82.    Mazurek breached the implied covenant of good faith and fair dealing by, among other things, failing to make himself available as contemplated and agreed; failing to remain available for the full contractual term; resigning as Brooks' attorney in or about February 2007; failing to promptly and professionally perform all services requested by Brooks; failing to limit his representation of other clients in order to make himself fully available to Brooks and able to promptly and professionally perform all requested services with that degree of professional care and expertise required under the circumstances; and engaging in conduct which compromised the attorney-client relationship including, but not limited to, conduct adversely reflecting on Mazurek's fitness as an attorney.

83.    By reason of the foregoing, Brooks is entitled to damages in the amount of One Million ($1,000,000.00) and 00/100 Dollars, no part of which has been paid, although duly demanded.

**WHEREFORE**, defendant David H. Brooks demands judgment dismissing the Complaint, with costs and disburdenments, and further demands judgment on his counterclaims against plaintiff Henry E. Mazurek as follows:

a.    On the first counterclaim for breach of contract, in the sum of One Million ($1,000,000.00) and 00/100 Dollars;

b.    On the second counterclaim for breach of fiduciary duty, in the sum of One Million ($1,000,000.00) and 00/100 Dollars;

-10-

      c.      On the third counterclaim for breach of the implied covenant of

good faith and fair dealing, in the sum of One Million ($1,000,000.00) and 00/100 Dollars;

      d.      Interest from November 14, 2006; and

      e.      Costs and disbursements.

Dated:    New York, New York
          June 7, 2007

                **WARNER & SCHEUERMAN**
                Attorneys for Defendant
                David H. Brooks

By:                  
                Jonathon D. Warner (JDW 5195)
                6 West 18th Street, 10th Floor
                New York, New York 10011
                Tel:   (212) 924-7111
                Fax:  (212) 924-6111

To:    JUDD BURSTEIN, P.C.
        Attorneys for Plaintiffs
        1790 Broadway, Suite 1501
        New York, New York 10019
        Tel:   (212) 974-2400
        Fax:  (212) 974-2944

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
HENRY E. MAZUREK and PAULA NOTARI,

                                      Plaintiffs,

                                                         **AFFIDAVIT OF SERVICE**

                    -against-
                                                         07-CV-03103  (DAB)  (AJP)

DAVID H. BROOKS,

                                      Defendant.
-------------------------------------------------------------------------x

**STATE OF NEW YORK    )**
                                  **ss.:**
**COUNTY OF NEW YORK )**

          **WILLIAM PAUL,** being duly sworn, deposes and says;

        I am over the age of eighteen years and I reside in the Township of Warren in the State of
New Jersey. I served Defendant's Answer To First Amended Complaint by mail and fax on June 8,
2007, upon:

                          Judd Burstein, P.C.
                          Attorneys for plaintiffs
                          1790 Broadway, Suite 1501
                          New York, NY 10019

        The papers were faxed to 212.974.2944, the number designated by Judd Burstein, P.C., for
such purpose, and I received a notice that the transmission was received. I also deposited a true copy
of the papers, enclosed in a post-paid properly wrapper, in an official depository under the exclusive
care and custody of the United States Postal Service, addressed to Judd Burstein, P.C., at the address
set forth after its name.

                                                     **WILLIAM PAUL**

Sworn to before me this
8ᵗʰ day of June, 2007

**NOTARY PUBLIC**

          JONATHON D. WARNER
          Notary Public, State of New York
          No. 02-4653995
          Qualified in Nassau County
     Commission Expires September 30, 20 09