UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HENRY E. MAZUREK and PAULA NOTARI,   Case No.1:07-cv-03103 (DAB) (AJP)

                *Plaintiffs*,   **PLAINTIFFS HENRY MAZUREK
AND PAULA NOTARI'S REPLY**
-- against --   **TO DEFENDANT DAVID
BROOKS'S COUNTERCLAIMS**
DAVID H. BROOKS,   **IN THE CONSOLIDATED ACTION**

                *Defendant*.   **JURY TRIAL DEMANDED**
------------------------------------------------------------------X

      Plaintiffs Henry E. Mazurek ("Mazurek") and Paula Notari ("Notari") (collectively referred to herein as "Plaintiffs"), by their attorneys, Judd Burstein, P.C., as and for their Reply to the Answer and Counterclaims of Defendant David H. Brooks ("Brooks"), dated June 7, 2007 ("Counterclaims") and filed in the above-captioned action,[1] which has been consolidated with the litigation styled *Brooks v. Mazurek*, Case No. 07-CV-3527 (DAB) (AJP), allege as follows:

### ANSWERING THE FIRST COUNTERCLAIM

1. Deny the allegations contained in Paragraph 68 of the Counterclaims.

2. Admit the allegations contained in the Paragraph 69 of the Counterclaims.

3. In response to the allegations contained in Paragraph 70 of the Counterclaims, Plaintiffs respectfully refer the Court to the parties' written retainer agreement for the truth of the matters set forth therein, and on that basis, deny the allegations.

4. In response to the allegations contained in Paragraph 71 of the Counterclaims, Plaintiffs respectfully refer the Court to the parties' written retainer agreement for the truth of the matters set forth therein, and on that basis, deny the allegations.

---

[1] While unclear from the pleading, it does not appear that Brooks's counterclaims are asserted against Notari. Nonetheless, this Reply is also filed on her behalf as a precaution.

5. Admit that Brooks paid Mazurek $1 million on or about November 14, 2006, but otherwise deny the allegations contained in Paragraph 72 of the Counterclaim.

6. Deny the allegations contained in Paragraphs 73-75 of the Counterclaims.

### ANSWERING THE SECOND COUNTERCLAIM

7. Refer the Court to the allegations contained in all preceding Paragraphs as if fully and completely set forth herein in response to the allegations contained in Paragraph 76 of the Counterclaims.

8. In response to the allegations contained in Paragraph 77 of the Counterclaims, admit only that as Brooks's attorney, Mazurek owed Brooks a fiduciary duty, and further allege that Mazurek at all times complied with his fiduciary obligations to Brooks. In further response, Plaintiffs refer the Court to the parties' written retainer agreement for the truth of the matters set forth therein, and on that basis deny the Counterclaim's characterization of same.

9. Deny the allegations contained in Paragraphs 78 and 79 of the Counterclaims.

### ANSWERING THE THIRD COUNTERCLAIM

10. Refer the Court to the allegations contained in all preceding Paragraphs as if fully and completely set forth herein in response to the allegations contained in Paragraph 80 of the Counterclaims.

11. In response to the allegations contained in Paragraph 81 of the Counterclaims, respectfully refer the Court to the parties' written retainer agreement for the truth of the matters set forth therein, and on that basis, deny the allegations. Plaintiffs further allege that Paragraph 81 draws legal conclusions to which no response is required.

12. Deny the allegations contained in Paragraphs 82 and 83 of the Counterclaims.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

13. The Counterclaims fail to state a cause of action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

14. Mazurek provided Brooks with legal services that were of an exceptionally high quality, and in no way failed to provide proper legal services.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

15. Brooks's recovery is barred due to his anticipatory breach of the parties' written retainer agreement.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

16. Brooks improperly terminated Mazurek's representation when Mazurek refused to participate in illegal conduct taken part in by Brooks.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

17. Based upon the parties' written retainer agreement, Mazurek is entitled to keep all monies paid, and recover the remainder of the $3 million retainer fee, as a result of Brooks having terminated Mazurek's representation.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

18. Brooks's recovery is barred due to his breach of the implied covenant of good faith and fair dealing.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

19. Mazurek fully performed his obligation of representation of Brooks.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

20. Brooks's recovery will likely be barred by the doctrine of collateral estoppel due to Brooks's probable conviction arising from the criminal investigation by British authorities into Brooks's conduct that is, in part, the subject of these consolidated actions.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

21. To the extent that the Counterclaims are asserted against Notari, Notari never served as Brooks's attorney.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

22. To the extent that the Counterclaims are asserted against Notari, there was no contractual privity between Notari and Brooks.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

23. To the extent that the Counterclaims are asserted against Notari, there was no fiduciary duty owed by Notari to Brooks.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

24. The Counterclaims are redundant of the claims asserted by way of Brooks's complaint filed in the consolidated litigation styled *Brooks v. Mazurek*, Case No. 07-CV-3527 (DAB) (AJP).

WHEREFORE, Plaintiffs demand judgment as follows:

    A.    Dismissing Brooks's Counterclaims in their entirety;

    B.    Costs and Disbursements of this Action;

    C.    Attorneys fees to the extent provided by law; and

    D.    Such other and further relief as deemed just and proper by this Court.

Dated: New York, New York
June 14, 2007

JUDD BURSTEIN, P.C.

By _____
Judd Burstein (JB-9585)
Peter B. Schalk (PBS-8257)
1790 Broadway, Suite 1501
New York, New York 10019
Tel:   (212) 974-2400
Fax:   (212) 974-2944
*Attorneys for Plaintiffs*